# EXHIBIT 3

1/18/2021 4:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49794823
By: Maria Rodriguez
Filed: 1/19/2021 12:00 AM

CAUSE NO._____

| | | |
|---|---|---|
| MARIBEL FLORES<br>Plaintiff, | §<br>§<br>§ | IN THE COURT OF |
| v. | §<br>§ | _____JUDICIAL DISTRICT |
| FIESTA MART, L.L.C.<br>Defendant | §<br>§<br>§ | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, MARIBEL FLORES to file this original petition against Defendant, FIESTA MART, L.L.C., and alleges as follows:

## DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

## CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.00.

## PARTIES

3. Plaintiff, MARIBEL FLORES, is a resident of Harris County and is authorized to file suit in this county.

4. Defendant, FIESTA MART, L.L.C, is a domestic limited liability company organized under the laws of the state of Texas. It may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever it may be found.

****ISSUANCE OF CITATION IS REQUESTED AT THIS TIME****

## VENUE

5. Venue is proper in Harris County, Texas because all or substantially part of the events or omissions occurred in Harris County. See Tex. Civ. Prac. & Rem. Code §15.002(a)(1). This Court has jurisdiction over this suit and over the Defendant because: (a) the incident and/or occurrence giving rise to this action, and the conduct, acts, and/or omission of each Defendant alleged herein, all occurred in the state of Texas; and (b) Defendant was doing business in the State of Texas.

## FACTS & CLAIMS

6. On or about February 22, 2020, Plaintiff was an invitee of the Defendant's Fiesta Grocery Store #08, located at 2323 Wirt Road, Houston, Texas 77055. While shopping at Defendant's location, Plaintiff slipped and fell on a grape and/or unreasonably slipper substance located on the aisle of Defendant's store.

7. As a result of this hazardous condition, and fall Plaintiff suffered significant and debilitating personal injuries, for which she continues to seek medical treatment and require assistance.

8. At all times mentioned herein, Defendant, at all times material herein was and is the owner, possessor, manager, maintainer and otherwise in possession of the Fiesta Grocery Store #08, located at 2323 Wirt Road, Houston, Texas 77055. including the common areas and the walking surfaces, and was so on February 22, 2020, before, and during these times Defendant had the requisite right of control, by way of actual, legal and/or retained control, over Fiesta Grocery Store #08 including the walking area that contained a grape and/or unreasonably slippery substance, upon which Plaintiff fell and sustained serious injuries.

9. The walking surface that is located within Fiesta Grocery Store #08 posed an unreasonable risk of harm, in that it contained a grape and/or unreasonably slippery substance, which constituted a hazardous condition of which Defendant was aware and should have been aware.

10. Paragraphs 8, 9, 10, and 11 are incorporated herein, Defendant had a duty to use ordinary care to ensure that its premises, including the walking surface upon which Plaintiff slipped and suffered severe injuries, did not present a danger to Plaintiff. This duty included the duty to inspect, and the duty to warn or to cure the dangerous condition or make such safe, which the Defendant failed to do.

11. Defendant failed to use ordinary care by: (1) failing to clean the walking surface so that it didn't develop a grape and/or unreasonably slippery substance that was dangerous to invitee-pedestrians like Plaintiff; (2) by allowing a grape and/or unreasonably slippery substance to become deposited upon the walking surface; (3) by allowing a grape and/or unreasonably slippery substance to become deposited upon the walking surface, and to build up, and then not to effectively wash or remove the grape and/or unreasonably slippery substance by routinely power-washing the walking surface adequately so that the walking surface were Plaintiff fell was not slippery and unreasonably dangerous; (4) Defendant failed to inspect the walking surface or to keep it clean and safe, and/or to ensure that its agents, representative and contractors kept the walking surface safe; (5) Defendant failed to warn the public and specifically Plaintiff of the grape and/or unreasonably slippery substance on the walking surface, alternatively, any such purported attempt to warn, if any, by Defendant was inadequate as the nature of and reason(s) the danger wasn't conveyed; (6) Defendant failed to maintain the walking surface by inspecting it for the grape and/or unreasonably slippery substance, and by failing to clean the walking surface routinely

and with sufficient frequency as would have done a reasonably prudent owner who had invitees coming onto its property; (7) Defendant negligently maintained the walking surface where Plaintiff fell thereby allowing the walking surface to contain the grape and/or unreasonably slippery substance (8) Defendant failed to warn Plaintiff of the grape and/or unreasonably slippery substance of the walking surface; (9) Defendant did not barricade or put up signs to warn of the grape and/or unreasonably slippery substance; alternatively, any such effort by Defendant to remove the danger and/or to "warn" was inadequate; (10) Defendant failed to have and to implement written procedures for cleaning, maintaining, inspecting, barricading and/or setting out warnings in the event that a dangerous or unreasonably slippery substance was present, so as to warn its invitees or to eliminate/remove any risk from such a condition; (11) alternatively, negligently hired, supervised, and retained its employees and contractors who may have been responsible for cleaning the walking surface. Defendant's acts, omissions and negligence constituted a failure to act as a reasonably prudent person under the same or similar circumstances and such negligence proximately caused Plaintiff's injuries and damages.

12.  Further, Defendant undertook, gratuitously or for consideration, to render services to Plaintiff, which Defendant should have recognized as necessary for the protection of Plaintiff's person or things, under the Restatement (Second) of Torts §323.

13.  Defendant failed to exercise reasonable care to perform this undertaking, by not properly maintaining its premises, regularly inspecting its premises and creating and enforcing policies to regularly inspect and maintain the premises, particularly the substance upon which Plaintiff slipped and fell, thus increasing Plaintiff's risk of harm. Restatement (Second) of Tort §323.

14. Further Plaintiff relied upon Defendant's undertaking in a manner that exercised reasonable care, failure of which, resulted in Plaintiff suffering physical harm, under the Restatement (Second) of Torts §323. See *Colonial Sav. Assoc. v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976).

## DAMAGES

15. Defendant proximately caused injury to Plaintiff which resulted in the following damages:

   a. Physical pain and suffering, from February 22, 2020, to the future,

   b. Mental anguish, from February 22, 2020, to the future,

   c. Physical disfigurement, from February 22, 2020, to the future,

   d. Physical impairment, from February 22, 2020, to the future,

   e. Diminished capacity to enjoy life and society, from February 22, 2020, to the future,

   f. Lost wages and loss of earning capacity from February 22, 2020, which will in all likelihood persist for the rest of her life; and

   g. Reasonable and necessary medical expenses, from February 22, 2020, to the future.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully pray that Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the court, together with pre-judgment interest at the maximum rate allowed by law post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**RAMJI LAW GROUP**

*[signature]*

Chelsea Murfree
Texas Bar No. 24107873
Adam Ramji
Texas Bar No. 24045209
9816 Katy Freeway
Houston, Texas 77055
Telephone: (713) 888-8888
Facsimile: (866) 672-3372
E-service only: service@ramjilaw.com
**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk