Case 4:21-cv-00718 Document 23 Filed on 06/16/22 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Maribel Flores, | § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | Case No. 4:21-cv-00718 |
| Fiesta Mart, LLC, | | |
| *Defendant.* | | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff Maribel Flores sued Defendant Fiesta Mart, LLC after she slipped and fell on a fruit peel in a Fiesta store, alleging a premises liability theory of negligence. Fiesta filed a motion for summary judgment, asserting that Flores has not raised a genuine issue of material fact that Fiesta possessed actual or constructive knowledge of the hazard. Dkt. 15. After carefully considering the motion, *id.*, Flores's response, Dkt. 17, and the applicable law, it is recommended that the Court grant Fiesta's motion.

1

## Background and Procedural History

On February 22, 2020, Flores was shopping at Fiesta store. While walking down the aisle, she stepped on some type of fruit[1] and fell on her back. Dkt. 17-1 at 2. One of the Fiesta store managers approached Flores after she was lying on the ground. Dkt. 15 at 22. According to Flores, the manager apologized and "expressed his embarrassment" concerning the accident. Dkt. 17-1 at 2. With the help of Flores's husband, the manager helped Flores to her feet. Dkt. 15 at 22. Flores declined the manager's offer to call an ambulance. Dkt. 17-1 at 3. Afterward, Plaintiff went to a health clinic where she was examined for injuries. *Id.*

Flores sued Fiesta in Texas state court, and Fiesta removed the suit to this Court. *Id.* at 1. Fiesta moved for summary judgment, asserting that Flores cannot show that Fiesta had actual or constructive knowledge of the fruit peel. Dkt. 15. Flores responded, contending that the evidence raises disputes of material fact regarding Fiesta's knowledge, and that additional discovery is needed. Dkt. 17 at 2, 4. Since then, however, the deadlines for both discovery and dispositive motions have passed. Dkt. 10 at 1 (discovery deadline May 13, 2022; motion deadline June 14, 2022). To date, neither party has supplemented or amended their motions or responses.

---

[1] There appears to be a dispute, albeit an immaterial one, about whether the fruit was a grape, a plum, or something else. Dkt. 15 at 2 n.1.

## Standard of Review

A court must grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if the issue that it tends to resolve "could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379-80 (5th Cir. 2020) (citing *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)). When resolving a motion for summary judgment, the court must view the facts and any reasonable inferences "in the light most favorable to the nonmoving party." *See Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (internal quotation marks omitted).[2]

## Analysis

Under Texas law, landowners owe a duty to "make safe or warn against any concealed, unreasonably dangerous condition of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Tex.,*

---

[2] Plaintiff mistakenly references the state-law standard for summary judgment. *See* Dkt. 17 at 3 (citing Tex. R. Civ. P. 166(a)(c) in declaring that summary judgment "is an extraordinary remedy"). In federal court, federal procedural standards control. *See Hanna v. Plumer*, 380 U.S. 460, 473-74 (1965).

*L.P.*, 465 S.W.3d 193, 203-04 (Tex. 2015). An invitee is "one who enters the property of another 'with the owner's knowledge and for the mutual benefit of both.'" *Id.* at 202 (quoting *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996)). To recover under a premises liability theory of negligence, a plaintiff must show that: (1) the defendant had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm to the plaintiff; (3) the defendant did not exercise reasonable care to reduce or to eliminate the risk; and (4) the defendant's failure to use such care proximately caused the plaintiff's injuries. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).

The dispositive issue here concerns the first element: whether Fiesta had actual or constructive knowledge of the fruit peel. *See* Dkt. 15 at 5; Dkt. 17 at 4. A defendant is considered to have constructive knowledge of any premises defects or other dangerous conditions that a reasonably careful inspection would reveal. *Corbin*, 648 S.W.2d at 295.

Flores attempts to substantiate Fiesta's knowledge in two ways. First, she asserts that the manager's expression of embarrassment suggests that Fiesta had actual or constructive knowledge of the fruit peel. Dkt. 17 at 3-4. Second, Flores argues that because the manager quickly saw the fruit peel (after Flores pointed at it), it was conspicuous enough that he should have noticed it. *Id.* at 2, 4. Both contentions are flawed.

4

Texas law provides three avenues for proving actual or constructive knowledge in this type of case. The first requires showing that the defendant placed the foreign substance on the ground. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). The second way is to show that the defendant knew the foreign substance was on the ground and failed to remove it. *Id.* And the third manner for showing knowledge is to demonstrate that the substance was on the floor for such a long time that the defendant should have discovered and removed it. *Id.*

Flores has not substantiated any of these avenues for proving Fiesta's knowledge. Regarding the first and third options, Flores presents no evidence that Fiesta placed the fruit peel on the ground, or that the peel was there for so long that Fiesta should have discovered it. Flores's conclusory assertion that Fiesta's store manager was embarrassed after she fell also fails to raise a fact issue under the second option, which requires proof that Fiesta actually knew about the peel. *See* Dkt. 17-1 at 2. Neither Flores's deposition testimony nor her affidavit indicates what the manager said or explains why she thinks the manager expressed embarrassment. *See* Dkt. 15 at 21-22 (describing Flores's interaction with the manager); Dkt. 17-1 at 2 (affidavit). More fundamentally, no evidence ties the manager's supposed embarrassment after Flores' fall to any pre-fall awareness of the fruit peel itself.

5

Plaintiff's remaining contention, that the fruit peel was lying conspicuously on the ground, cuts against her. Under Texas law, a property owner owes "no duty to protect or warn an invitee against unreasonable dangers that are open and obvious or otherwise known to the invitee." *Austin*, 465 S.W.3d at 207-08. If the fruit peel was as conspicuous as Flores suggests, then it would likely be an open and obvious hazard that bars recovery. Dkt. 17 at 4. And even if the fruit peel were not open and obvious, Flores supplies no evidence—for example, the photographs mentioned in her deposition—that shows the fruit peel was conspicuous. *See* Dkt. 15 at 21.

Flores's alternative position that she needs more time for discovery is moot. Discovery closed a month ago, Dkt. 10 at 1, and Flores has not sought to supplement the record with additional evidence.

In sum, Flores has not raised a genuine dispute of material fact as to Fiesta's actual or constructive knowledge of the fruit peel that caused her fall. Fiesta's motion for summary judgment should therefore be granted.

## Recommendation

It is therefore **RECOMMENDED** that the Court **GRANT** Defendant Fiesta Mart, LLC's motion for summary judgment (Dkt. 15) and enter a take-nothing judgment on Plaintiff's claim.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed.**

**R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 16, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge